RelayFax via port COM6                    From: 7344161279              5/2020 2:07:15 PM  (Page 1 of 2)
2020 02/25 2:18 PM FAX  7344161279              DISCON, INC.                        ☑0001/0002

72

STATE OF MICHIGAN
IN THE 35th JUDICIAL DISTRICT COURT

Sriakhil Gogineni

      Plaintiff,

    v.

EQUIFAX CREDIT INFORMATON
SERVICES, INC. &
EQUIFAX, INC.,

      Defendant.

Case No. 19C3556 – GC

STIPULATION AND ORDER TO
TRANSFER CASE TO THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

Case: 2:20-mc-50443
Assigned To : Cox, Sean F.
Referral Judge: Patti, Anthony P.
Assign. Date : 3/3/2020
Description: MC GOGINENI V.
EQUIFAX CREDIT
INFORMATION SERVICES. INC
ET AL (NA)

## STIPULATION AND ORDER

    Upon stipulation of the undersigned parties, and the Court being adequately advised in the premises: **IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. section 1404, for the convenience of the parties and witnesses, and in the interests of justice, the above-captioned action be and is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Michigan.

    **SO STIPULATED.**

Dated: February 25, 2020      By:     _____

                                  *Plaintiff in Pro Per*

                                Sriakhil Gogineni
                                44058 Southampton Dr
                                Canton, MI 48187
                                Phone: 734-644-3694
                                Email: sriakhil.gogineni@gmail.com

35TH DISTRICT COURT FILED 2020 FEB 25 PM 2:39

RelayFax via port COM6                    From: 7344161279         5/2020 2:07:15 PM  (Page 2 of 2)
2020 02/25 2:18 PM FAX  7344161279              DISCON, INC.                              ☑0002/0002

Dated: February 25, 2020           By:     s/Jordan S. Bolton/        (SIGNED
                                        _____   WITH PERMISSION)
                                        *Attorney for Defendants*

                                        Jordan S. Bolton (P66309)
                                        151 S. Old Woodward Ave., Suite 200
                                        Birmingham, MI 48009
                                        Phone: (248) 988-1839
                                        Email: jbolton@clarkhill.com


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: *February 25,* 2020

                                        _____
                                        Hon. James A. Plakas    P52722
                                        Michigan 35th District Court Judge


FILED
35TH DISTRICT COURT
2020 FEB 25 PM 2:39

# DISTRICT COURT - 35TH JUDICIAL DISTRICT
### 660 PLYMOUTH RD., PLYMOUTH, MICHIGAN 48170-1891
### 734-459-4740   FAX 734-454-9303
### www.35thdistrictcourt.org

| | | |
|---|---|---|
| JAMES A. PLAKAS<br>CHIEF DISTRICT JUDGE |  | RONALD W. LOWE<br>CHIEF JUDGE PRO TEM |
| MICHAEL J. GEROU<br>DISTRICT JUDGE | | PAM AVDOULOS<br>COURT ADMINISTRATOR |

February 28, 2020

Clerk of the Court
United States District Court
564 Theodore Levin U. S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI  48226

      Re:   Sriakhil Gogineni v Equifax Credit Info
               Services Inc.
              35th District Court Case No. 19C3556GC

Dear Clerk:

      Enclosed please find the entire 35th District Court record of the above referenced case, including Summons and Complaint, Proofs of Service, stipulated Order transferring case to the United States District Court and a complete register of actions.

      If you have any questions, please contact me at the above telephone number, extension 309.

                    Very truly yours,

                    R. VanHollebeke
                    Deputy Court Clerk

/rv
Encl.

| STATE OF MICHIGAN<br>35TH JUDICIAL DISTRICT | **REGISTER OF ACTIONS** | CASE NO: 19C3556GC    GC<br>STATUS: CLSD |
|---|---|---|

| Court Address 660 PLYMOUTH ROAD<br>PLYMOUTH        MI  48170 | Court Telephone<br>(734) 459-4740 |
|---|---|

JUDGE OF RECORD: PLAKAS,JAMES A.,                         P-52722

Attorney

P01   PLAINTIFF              (CLSD)
**GOGINENI/SRIAKHIL/**
44058 SOUTHAMPTON DR
CANTON           MI 48187
(734) 644-3694

| D01   DEFENDANT              (CLSD)<br>**EQUIFAX CREDIT INFO SERVICES INC//**<br>601 ABBOT RD<br>EAST LANSING     MI 48823 | P-66309<br>BOLTON,JORDAN S.,<br>151 S OLD WOODWARD AVE<br>STE 200<br>BIRMINGHAM      MI 48009<br>(248) 988-1839 |
|---|---|

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|
| 08/21/19 | | |
| P01 | AFFDV & CLM  FILED | PLW |
| P01 | ORDER SUSPENSION OF FEES/COSTS ENTERED | PLW |
| 08/27/19 | | |
| D01 | AFFDV & CLM  SMALL CLAIMS ISSUED<br>(CM     )                              $6,000.00 | PLW |
| ALL | HEARING SMALL CLAIMS SCHEDULED<br>                    10/07/19  02:00P | PLW |
| 08/30/19 | | |
| D01 | AFFDV & CLM  CERTIFIED MAIL - SERVED | PLW |
| 10/03/19 | | |
| D01 | JUDGMENT SMALL CLAIMS ISSUED<br>PLTF ATTY FILED DEMAND/ORDER FOR REMOVAL TO<br>GC; TO JAP FOR SIG | PLW<br>ADF<br>ADF |
| P01 | DEMAND FOR REMOVAL TO GEN CIVIL FILED | ADF |
| 10/04/19 | | |
| ALL | ORDER FOR REMOVAL TO GEN CIVIL ENTERED(JAP     )<br>FUTURE CALENDAR DATE(S) REMOVED<br>TRANSFERRED FROM CASE # 19C3556SC | ADF<br>ADF<br>ADF |
| 10/18/19 | | |
| | MOTION FEE PAID          $20.00   RCPT # D777367<br>CHECK TENDERED 203025 | CIV<br>CIV |
| D01 | MOTION FOR MORE DEFIN STATEMENT FILED BOLTON,JORDAN S P-66309 | RV |
| D01 | BRIEFS FOR MORE DEFIN STATEMENT FILED BOLTON,JORDAN S P-66309 | RV |
| 10/22/19 | | |
| ALL | MOTION FOR MORE DEFIN STATEMENT SCHEDULED<br>                    11/06/19  02:00P | RV |
| ALL | NOTICE TO APPEAR ISSUED | RV |
| 11/06/19 | | |
| | PARTIES TO FAX STIP THIS MORNING AS TO SUBJECT<br>OF MOTN | PLW<br>PLW |
| ALL | ORDER FOR MORE DEFIN STATEMENT ENTERED(JAP     )<br>PLTF TO FILE AMENDED CMPLT BY 12/6/19; ONCE<br>ANSWER FILED, SCHEDULE SETT CONF AND SEND OUT<br>SCHEDULING ORDER | PLW<br>PLW<br>PLW<br>PLW |

GOGINENI/SRIAKHIL/        v  EQUIFAX CREDIT INFO SE   CASE #: 19C3556GC    PAGE:  2

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|
| ALL | REVIEW SCHEDULED (AMNDCMP) | PLW |
| | 12/06/19  05:00P | |
| 12/05/19 | | |
| P01 | COMPLAINT FILED (AMENDED) | RV |
| P01 | DEMAND FOR JURY FILED | RV |
| P01 | PROOF FILED | RV |
| | RCVD JURY DEMAND VIA FAX; POS TO BE SENT LATER | RV |
| 12/12/19 | | |
| | POS OF JURY DEMAND RCVD | RV |
| | CORRESPONDENCE RCVD BOTH PARTIES AGREE TO | RV |
| | ACCEPT SERVICE VIA EMAIL | RV |
| 12/13/19 | | |
| | FILED IN SERVED | RV |
| 12/26/19 | | |
| D01 | ANSWER FILED | RV |
| D01 | AFF DEFENSES FILED | RV |
| D01 | PROOF FILED | RV |
| 12/27/19 | | |
| ALL | HEARING SETTLEMENT CONFERENCE SCHEDULED | RV |
| | 03/25/20  02:00P | |
| ALL | NOTICE TO APPEAR ISSUED | RV |
| 01/09/20 | | |
| ALL | HEARING SETTLEMENT CONFERENCE ADJOURNED | RV |
| | 03/25/20  02:00P | |
| ALL | HEARING SETTLEMENT CONFERENCE SCHEDULED | RV |
| | 04/22/20  02:00P | |
| ALL | NOTICE TO APPEAR ISSUED | RV |
| 01/24/20 | | |
| ALL | HEARING SETTLEMENT CONFERENCE ADJOURNED | RV |
| | 04/22/20  02:00P | |
| ALL | HEARING SETTLEMENT CONFERENCE SCHEDULED | RV |
| | 04/15/20  02:00P | |
| ALL | NOTICE TO APPEAR ISSUED | RV |
| 01/30/20 | | |
| | PLTF CALLED TO REQUEST MOTN DATE; GAVE HIM | PLW |
| | 3/4/2020 AT 2:00 PM; AS HE HAS FEE WAIVER, ALL | PLW |
| | FILING FEES ARE WAIVED UP TO THE TIME OF JMT | PLW |
| 02/25/20 | | |
| | RECVD STIP'D ORDER TO TRANSFER TO FED COURT | ADF |
| | FILED BY FAX-- TO JAP FOR SIG | ADF |
| 02/28/20 | | |
| ALL | ORDER FOR CHANGE OF VENUE ENTERED (JAP   ) | RV |
| | FUTURE CALENDAR DATE(S) REMOVED | RV |
| | MAILED TO US DISTRICT COURT CERTIFIED MAIL | RV |
| | RETURN RECEIPT REQUESTED | RV |

***** END OF REGISTER OF ACTIONS ***** 02/28/20 09:50

*Jury demanded*

Approved, SCAO

| | | | CASE NO. |
|---|---|---|---|
| **STATE OF MICHIGAN** 35TH   **JUDICIAL DISTRICT** | | **CIVIL REGISTER OF ACTIONS** | 19C3556 **6C** |

X Civil   ☐ Summary Proceedings   X Small Claims

**Plaintiff name(s) and address(es)**
GOGINENI/SRIAKHIL/
44058 SOUTHAMPTON DR
CANTON         MI 48187

(734) 044-31094

**Defendant name(s) and address(es)**
EQUIFAX CREDIT INFO SE
601 ABBOT RD
EAST LANSING  MI 48823

404-885-8799

**Case assigned to:**
Judge   P-52722
PLAKAS

**DISPOSITION**
Date

☐ DISMISSED
☐ With Prejudice
☐ Without Prejudice

☐ JUDGMENT
for
☐ Plaintiff

☐ Defendant

by
☐ Default   ☐ Consent
☐ Trial    ☐ No cause

| FEES | |
|---|---|
| Filing | $ _____ |
| Service | $ _____ |
| Jury | $ _____ |
| Trial | $ _____ |
| Judgment | $ _____ |
| Witness | $ _____ |
| Attorney | $ _____ |
| Other | $ _____ |
| Total Costs | $ _____ |
| Damages | $ _____ |
| Interest | $ _____ |
| TOTAL | $ _____ |

| Case number 19C3556 **6C** | Type of action | Date issued 082119 | Amount of claim 5-10-20 | Jury Demand |
|---|---|---|---|---|

**Plaintiff's attorney, bar no., and address**

**Defendant's attorney, bar no., and address**
Jordan Bolton P66309

(248) 988-1839

**Summons Service History**

D0 8-30-19 (Cm)

**POST JUDGMENT**

_____ Installment Pmt. Order        _____ Claim of Appeal
_____ Writ of Restitution           _____ Satisfaction of Judgment
_____ Writ of Execution

| DATE | CODE | ACTIONS, JUDGMENTS, CASE NOTES | Initials |
|---|---|---|---|
| 8-31-19 | P01 | OREST ~ Service by Cm | dw |
| 10/2/19 | TT | DEMAND/ORDER FOR REMOVAL FILED - NO ATTY. | FAIR |
| 10/22/19 | D01 | MOF18 def statement, bury support POS | rv |
| 11-6-19 | | STIP/ORDER GRAN FO MOVE & DEF STATEMENT EXECUTO | |
| 12/5/19 | TT | Amended Complaint Filed, PFF | rV |
| 12/5/19 | TT | Jury Demand filed, | rV |
| 12/27/19 | | AN F, a FD & PFF | rV |
| 2/20/2020 | | OREO7 JAP | rV |
| | 1 | Mailed to US District ct. CM Ret Rec. Req. | rV |

| Court Address 660 PLYMOUTH ROAD PLYMOUTH, MI 48170 | Court Telephone (734) 459-4740 |
|---|---|

| Plaintiff      {_}Personal service |
|---|
| GOGINENI/SRIAKHIL/ |
| 44058 SOUTHAMPTON DR |
| CANTON, MI 48187 |

*mld 1/24/20 (N) 4/A*

V

| Defendant      {_}Personal service |
|---|
| **EQUIFAX CREDIT INFO SERVICES INC/** |
| 601 ABBOT RD |
| EAST LANSING, MI 48823 |

| Pltf Atty/People {_}Personal service |
|---|
| |

| Defendant's Atty {_}Personal service |
|---|
| (248) 988-1839    P-66309 |
| JORDAN S. BOLTON |
| 151 S OLD WOODWARD AVE |
| STE 200 |
| BIRMINGHAM, MI 48009 |

*mld (R) 1/24/20*

| Officer |
|---|
| |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.
Date issued: JAN. 24, 2020

**YOU ARE DIRECTED TO APPEAR AT:**

{X}The address above, courtroom 301

{_}

**PLEASE NOTE REVISED SETT CONF DATE DUE TO COURT CALENDAR CHANGE**

Judge:  JAMES A. PLAKAS      P-52722

**FOR THE FOLLOWING PURPOSE:**

|  | DAY | DATE | TIME |
|---|---|---|---|
| {_}Pre-trial Conf | | | |
| {_}Probable Cause Conference | | | |
| {_}Prelim Exam | | | |
| {_}Jury Selection | | | |
| {_}Jury Trial | | | |
| {_}NonJury Trial | | | |
| {_}Sentencing | | | |
| {_}Motion | | | |
| {_}Arraignment | | | |
| {_}Informal Hrg | | | |
| {_}Formal Hearing | | | |
| {X}HEARING | WED | 4/15/20 | 2:00 PM |
| SETTLEMENT CONFERENCE | | | |

{X}The above matter is adjourned from APRIL 22, 2020

**Clerk of the Court**

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.
2. No case may be adjourned except by authority of the judge for good cause shown.
3. FAILURE OF THE DEFENDANT TO APPEAR in a civil case may cause a default judgment to be entered. FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case.
4. FAILURE TO APPEAR in a criminal case may subject you to the penalty for contempt of court, and a bench warrant may be issued for your arrest.
5. If you intend to employ a lawyer, he or she should be notified of the date at once.
6. Fines, costs, and other financial obligations imposed by the court must be paid at the time of assessment, except when the court allows otherwise, for good cause shown.

MC 06  (6/19)  **NOTICE TO APPEAR**

| Court Address 660 PLYMOUTH ROAD PLYMOUTH, MI 48170 | Court Telephone (734) 459-4740 |

**YOU ARE DIRECTED TO APPEAR AT:**

Plaintiff {_}Personal service
GOGINENI/SRIAKHIL/
44058 SOUTHAMPTON DR
CANTON, MI 48187

*wed 1/9/20*

{X}The address above, courtroom 301

{_}

V

**PREVIOUS DATE SCHEDULED IN ERROR**

Defendant {_}Personal service
**EQUIFAX CREDIT INFO SERVICES INC/**
601 ABBOT RD
EAST LANSING, MI 48823

Judge: JAMES A. PLAKAS _____ P-52722

**FOR THE FOLLOWING PURPOSE:**

| | DAY | DATE | TIME |

Pltf Atty/People {_}Personal service

{_}Pre-trial Conf

{_}Probable Cause
   Conference
{_}Prelim Exam

{_}Jury Selection

{_}Jury Trial

Defendant's Atty {_}Personal service
(248) 988-1839 P-66309
JORDAN S. BOLTON
151 S OLD WOODWARD AVE
STE 200
BIRMINGHAM, MI 48009 *wed 1/9/20*

{_}NonJury Trial

{_}Sentencing

{_}Motion

{_}Arraignment

Officer

{_}Informal Hrg

{_}Formal Hearing

If you require special accommodations
to use the court because of a
disability or if you require a foreign
language interpreter to help you fully
participate in court proceedings,
please contact the court immediately
to make arrangements.

{X}**HEARING**        WED 4/22/20 2:00 PM
       **SETTLEMENT CONFERENCE**
{X}The above matter is adjourned from
   MARCH 25, 2020

Date issued: JAN. 9, 2020

         **Clerk of the Court**

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.
2. No case may be adjourned except by
   authority of the judge for good
   cause shown.
3. FAILURE OF THE DEFENDANT TO APPEAR
   in a civil case may cause a default
   judgment to be entered. FAILURE OF
   THE PLAINTIFF TO APPEAR may result
   in a dismissal of the case.

4. FAILURE TO APPEAR in a criminal case
   may subject you to the penalty for
   contempt of court, and a bench
   warrant may be issued for your
   arrest.
5. If you intend to employ a lawyer, he
   or she should be notified of the date
   at once.
6. Fines, costs, and other financial
   obligations imposed by the court must
   be paid at the time of assessment,
   except when the court allows
   otherwise, for good cause shown.

MC 06   (6/19)   **NOTICE TO APPEAR**

| 35TH DISTRICT COURT | CIVIL SCHEDULING | Case Number: |
|---|---|---|
| 660 PLYMOUTH ROAD | ORDER | 19C3556GC |
| PLYMOUTH MICHIGAN, 48170 | | |
| (734) 459-4740 | | |

**Case Filing Date:** | **Wednesday, August 21, 2019** |

**Case Scheduling Order Mailing Date:** | **Friday, December 27, 2019** |

1) Witness list, list of experts, and exhibit lists must be exchanged and filed with the court by: | **Tuesday, February 25, 2020** | 60 Days from Mailing Date

2) Open Discovery Ends: | **Tuesday, February 25, 2020** | 60 Days from Mailing Date
**(For DEBT COLLECTION CASES: ALL evidence of debt and assignments shall be provided to debtor before discovery time lapses or case shall be dismissed.)**

3) All motions, dispositive or otherwise, <u>must be filed and heard</u> on or before: | **Sunday, April 05, 2020** | 100 Days from Mailing Date
**(Motions that fail to adhere to this deadline will be <u>waived</u>, absent a showing of good cause.)**

4) Settlement Conference must be scheduled on or before: | **Tuesday, May 05, 2020** | 30 Days from Motion Deadline
**All parties must be physically present in the courthouse at the time set for the conference. This means that individual parties must be personally present and corporate or other organizational parties must be represented by a person, or persons if necessary with full authority to settle the dispute. (If the case is not settled at the Settlement Conference, the judge and parties involved will determine if a case evaluation, mediation or trial is required.)**

5) Case Evaluation or Mediation Date: | |

**If a trial is required, a separate Civil Trial Management Order (TMC) will be issued by the court with trial instructions, requirements and appropriate deadlines.**

6) This case must be settled or tried on or before: | **Friday, June 19, 2020** | 45 Days from Settlement Conference Deadline

**\*Please Note: Civil motions/hearings are normally held on Wednesdays. If any dates provided fall on a holiday or weekend it is your responsibility to respond accordingly to ensure that you've met all deadlines.**

_____ Friday, December 27, 2019 _____      _____
Date                                                District Court Judge

| **CERTIFICATE OF MAILING** | I certify that on this date copies of this Civil Case Scheduling Order were served on the parties or their attorneys by first-class mail to their last-known addresses.

_____ Friday, December 27, 2019 _____      _____
Date                                                Signature

| Court Address 660 PLYMOUTH ROAD PLYMOUTH, MI 48170 | Court Telephone (734) 459-4740 |
|---|---|

**Plaintiff** {_}Personal service
GOGINENI/SRIAKHIL/   12/27/19 mld ⓝ
44058 SOUTHAMPTON DR          S/O
CANTON, MI  48187               L/A

v

**Defendant** {_}Personal service
**EQUIFAX CREDIT INFO SERVICES INC/**
601 ABBOT RD
EAST LANSING, MI  48823

**Pltf Atty/People** {_}Personal service

**Defendant's Atty** {_}Personal service
(248) 988-1839   P-66309   12/27/19 mld ⓝ
JORDAN S. BOLTON              S/O
151 S OLD WOODWARD AVE
STE 200
BIRMINGHAM, MI  48009

**Officer**

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.
Date issued: DEC. 27, 2019

**YOU ARE DIRECTED TO APPEAR AT:**

{X}The address above, courtroom 301

{_}

**PLEASE SEE SCHEDULING ORDER ATTACHED**
**PLEASE SEE LEGAL AID INFO ATTACHED**

Judge:  JAMES A. PLAKAS          P-52722

**FOR THE FOLLOWING PURPOSE:**
                      DAY     DATE      TIME
{_}Pre-trial Conf

{_}Probable Cause
      Conference
{_}Prelim Exam

{_}Jury Selection

{_}Jury Trial

{_}NonJury Trial

{_}Sentencing

{_}Motion

{_}Arraignment

{_}Informal Hrg

{_}Formal Hearing

{X}HEARING        WED  3/25/20  2:00 PM
     SETTLEMENT CONFERENCE
{_}The above matter is adjourned from

Clerk of the Court

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.
2. No case may be adjourned except by authority of the judge for good cause shown.
3. FAILURE OF THE DEFENDANT TO APPEAR in a civil case may cause a default judgment to be entered. FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case.

4. FAILURE TO APPEAR in a criminal case may subject you to the penalty for contempt of court, and a bench warrant may be issued for your arrest.
5. If you intend to employ a lawyer, he or she should be notified of the date at once.
6. Fines, costs, and other financial obligations imposed by the court must be paid at the time of assessment, except when the court allows otherwise, for good cause shown.

MC 06  (6/19)   **NOTICE TO APPEAR**

## STATE OF MICHIGAN
## IN THE 35TH JUDICIAL DISTRICT COURT

SRIAKHIL GOGINENI,

                Plaintiff,

    vs.

EQUIFAX CREDIT INFORMATION
SERVICE, INC.; and EQUIFAX INC.,

                Defendants.

Case No. 19-C3556-GC

/

Sriakhil Gogineni (*in pro per*)
44058 Southampton Dr.
Canton, MI 48187
(734) 644-3694
sriakhil.gogineni@gmail.com

Jordan S. Bolton (P66309)
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-1839
jbolton@clarkhill.com
Attorneys for Defendants

/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

    Defendants Equifax Inc.[1] and Equifax Credit Information Services, Inc. (collectively, "Defendants"), through their attorneys, Clark Hill PLC, answer as follows:

### NATURE OF ACTION

1.    Denied.

2.    Denied.

3.    Denied.

### PARTIES

4.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4, and, therefore, neither admit nor deny same.

---

[1] Equifax Inc. is the proper defendant.

5.    Equifax Inc. is incorporated in Georgia.  Allegations not expressly admitted in this paragraph are denied.

6.    Denied.

7.    Denied.

8.    The allegations in paragraph 8 are vague to an extent that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, and, therefore, neither admit nor deny same.

9.    Denied.

## FACTUAL ALLEGATIONS

10.    On September 7, 2017, Equifax Inc. announced a data breach potentially impacting millions of U.S. consumers.  Equifax Inc.'s announcements related to the data breach are available at https://www.equifaxsecurity2017.com/updates/.    Allegations not expressly admitted in this paragraph are denied.

11.    Denied.

12.    Equifax Inc. determined that unauthorized access to certain files occurred from mid May through July 2017.  Allegations not expressly admitted in this paragraph are denied.

13.    Denied.

14.    Equifax Inc. determined that unauthorized access to certain files occurred from mid May through July 2017.  On July 29, 2017, Equifax Inc. observed suspicious network traffic associated with its U.S. online dispute portal web application.  In response, Equifax Inc. investigated and blocked the suspicious traffic and continued to monitor its network.  On July 30, 2017, Equifax Inc. identified additional suspicious activity and immediately took the online dispute portal web application offline.  Equifax Inc. provided notification to consumers affected

2

by the cybersecurity incident as soon as the potentially impacted population had been identified. Allegations not expressly admitted in this paragraph are denied.

15.    Denied.

16.    Denied.

17.    Former employees of Equifax Inc. and related entities have been sentenced for insider trading. Allegations not expressly admitted in this paragraph are denied.

18.    Equifax Inc. discovered that criminals exploited a U.S. website application vulnerability to gain access to certain files. Allegations not expressly admitted in this paragraph are denied.

19.    Most of the consumer information accessed includes names, Social Security numbers, birth dates, addresses, and in some instances, driver's license numbers. In addition, credit card numbers for approximately 209,000 consumers and certain dispute documents, which included personal identifying information, for approximately 182,000 consumers were accessed. Allegations not expressly admitted in this paragraph are denied.

20.    Denied.

21.    Equifax Inc.'s announcements related to the data breach are available at https://www.equifaxsecurity2017.com/updates/. Allegations not expressly admitted in this paragraph are denied.

22.    Denied.

23.    Denied.

24.    Equifax Inc. established a dedicated website, www.equifaxsecurity2017.com, to help consumers determine if their information has been potentially impacted and to sign up for credit file monitoring and identity theft protection. The website also provides additional

3

information on steps consumers can take to protect their personal information. Allegations not expressly admitted in this paragraph are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## JURISDICTION

31. The allegations of Paragraph 31 assert a legal conclusion to which Defendants do not respond.

32. The allegations of Paragraph 32 assert a legal conclusion to which Defendants do not respond.

33. The allegations of Paragraph 33 assert a legal conclusion to which Defendants do not respond.

## ACTION ALLEGATIONS

34. Defendants' responses to Paragraphs 1 through 33 are incorporated in response to Paragraph 34.

35. Denied.

36. Denied.

37. Denied.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT ("FCRA")

38.     Defendants' responses to Paragraphs 1 through 37 are incorporated in response to Paragraph 38.

39.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39, and, therefore, neither admit nor deny same.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

## COUNT II
## BREACH OF FIDUCIARY DUTY

48.     Defendants' responses to Paragraphs 1 through 47 are incorporated in response to Paragraph 48.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

## COUNT III
## NEGLIGENCE

55.     Defendants' responses to Paragraphs 1 through 54 are incorporated in response to Paragraph 55.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     The allegations in paragraph 61 are vague and incomplete to an extent that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61, and, therefore, neither admit nor deny same.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65, and, therefore, neither admit nor deny same.

## COUNT IV
## NEGLIGENCE PER SE

66.     Defendants' responses to Paragraphs 1 through 65 are incorporated in response to Paragraph 66.

67.     Denied.

68.     Denied.

69.     Denied

70.    Denied.

## COUNT V
## BREACH OF CONTRACT

71.    Defendants' responses to Paragraphs 1 through 70 are incorporated in response to Paragraph 71.

72.    Denied.

73.    Denied.

74.    Denied.

## COUNT VI
## COMMON LAW INVASION OF PRIVACY

75.    Defendants' responses to Paragraphs 1 through 74 are incorporated in response to Paragraph 75.

76.    Defendants' responses to Paragraphs 1 through 75 are incorporated in response to Paragraph 76.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

COUNT VII
VIOLATION OF MICHIGAN IDENTITY THEFT PROTECTION ACT OF 2004.
MCLS SECTION 445.61, ET SEQ.

84.     Defendants' responses to Paragraphs 1 through 83 are incorporated in response to

Paragraph 84.

85.     Plaintiff has nowhere defined the Michigan Subclass and does not purport to bring

this action on behalf of a class of similarly situated individuals.   Defendants lack sufficient

knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

85, and, therefore, neither admit nor deny same.

86.     The allegations of Paragraph 86 assert a legal conclusion to which Defendants do

not respond.

87.     The allegations of Paragraph 87 assert a legal conclusion to which Defendants do

not respond.

88.     Plaintiff has nowhere defined the Michigan Subclass and does not purport to bring

this action on behalf of a class of similarly situated individuals.  The allegations of Paragraph 88

assert a legal conclusion to which Defendants do not respond.

89.     The allegations of Paragraph 89 assert a legal conclusion to which Defendants do

not respond.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

COUNT VIII
DECLARATORY JUDGMENT

94.     Defendants' responses to Paragraphs 1 through 93 are incorporated in response to Paragraph 94.

95.     Denied.

96.     Denied.

97.     Denied.

REQUESTED RELIEF

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied

Additionally, Defendants assert a denial as to all relief requested in paragraphs A-E following paragraph 101.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiff's Amended Complaint, and without assuming the burden of proof where it otherwise rests with Plaintiff, Defendants assert and allege separate affirmative and other defenses as set forth below. Additionally, in asserting the following, Defendants state that, at this time, they have not had an adequate opportunity to complete their investigation and discovery concerning these defenses or whether other defenses may apply to this case. Accordingly, Defendants reserve the right to amend this Answer and provide additional or different defenses and affirmative defenses.

1.      Plaintiff has failed to state facts sufficient to constitute any claim upon which relief can be granted.

2.      Defendants deny that Plaintiff is entitled to any measure of damages, costs, or attorney fees for any alleged violation of the Fair Credit Reporting Act, because there has been no such violation and because the related statutory remedies provisions do not apply here.

3.      Defendants deny that Plaintiff has suffered damages as a result of any alleged act or omission by Defendants.

4.      Plaintiff's alleged injuries or damages, if any, are speculative, uncertain, or otherwise not cognizable.

5.      Plaintiff is not entitled to recover special, incidental, or consequential damages.

6.      An award of punitive damages in this case would violate the Due Process Clause, the Equal Protection Clause, and/or the Excessive Fines Clause of the United States Constitution and any applicable provisions of state law.

7.      Plaintiff is not entitled to declaratory relief.

8.      Plaintiff's claims are barred, in whole or in part, because Defendants did not breach any legal duty owed to Plaintiff.

9.      Plaintiff's claims are barred, in whole or in part, by a lack of actual or proximate cause.

10.     Any harm allegedly suffered by Plaintiff was the result of the unforeseeable and superseding criminal act of a third-party not acting in concert with Defendants or pursuant to any agreement with Defendants.

11.     Plaintiff has not alleged any facts tying his purported damages to Defendants' conduct.

12.     Plaintiff's claims for relief are barred in whole or in part because Defendants acted at all times in good faith.

13.     Plaintiff's claims for relief are barred, in whole or in part, because Defendants'
data security practices complied with federal and state laws, rules, regulations, and/or guidelines.

14.     Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's failure to
exercise due care and diligence to avoid loss and/or minimize any damages allegedly sustained.
Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to
mitigate alleged losses.

15.     Plaintiff's claims are barred, in whole or in part, by ratification, waiver, or
estoppel.

16.     Plaintiff's claims are barred in whole or in part by the applicable statutes of
limitations.

**WHEREFORE**, having fully answered or otherwise responded to the allegations
contained in Plaintiff's Amended Complaint, Defendants pray that:

(1)    Plaintiff's Amended Complaint be dismissed in its entirety and with
prejudice, with all costs taxed against Plaintiff;

(2)    Defendants be dismissed as parties to this action; and

(3)    Defendants recover such other and additional relief, as the Court deems
just and appropriate.

Respectfully submitted,

CLARK HILL PLC

Date:  December 26, 2019

Jordan S. Bolton (P66309)
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-1839
jbolton@clarkhill.com
Attorneys for Defendants

11

## PROOF OF SERVICE

The undersigned certifies that on the 26th day of December 2019, she served the foregoing document via email and first class mail on the following:

Sriakhil Gogineni (*in pro per*)
44058 Southampton Dr.
Canton, MI 48187
(734) 644-3694
sriakhil.gogineni@gmail.com

Chelsea Gornbein

To: RelayFax via port COM6          From: 7344161279          1/2019 4:57:14 PM  (Page 2 of 2)
   12/11/2019 6:07 PM FAX  7344161279          DISCON, INC.          ☑0002/0002

Case No.

19-C3556-GC

PROOF OF SERVICE

The undersigned certifies that on <u>11th</u> day of <u>December 2019</u>, they served the foregoing, <u>MC-22</u> via electronic mail by mutual agreement, on the following:

Jordan S. Bolton

jbolton@clarkhill.com

248.988.1839 (Direct)

248.302.7737 (Cell)


cc:


Chelsea J. Gornbein

cgornbein@clarkhill.com

248.988.1820


Signature _____


Name _____Sriakhil Gogineni_____

sriakhil.gogineni@gmail.com

(734) 644-3694 (mobile)

FILED
2019 DEC 12  AM 10: 02
U.S. DISTRICT COURT

To: RelayFax via port COM6          From: 7344161279          11/2019 4:57:14 PM  (Page 1 of 2)
12/11/2019 6:07 PM FAX  7344161279          DISCON, INC.          ☑0001/0002

Case No.
19-C3556-GC

**Sriakhil Gogineni** <sriakhil.gogineni@gmail.com>                    Thu, Dec 5, 2019 at 1:26 PM
To: "Bolton, Jordan S." <jbolton@clarkhill.com>
Cc: "Gornbein, Chelsea J." <cgornbein@clarkhill.com>

Agreed. Service via email to sriakhil.gogineni@gmail.com is OK.


> On Dec 5, 2019, at 1:19 PM, Bolton, Jordan S. <jbolton@clarkhill.com> wrote:
>
> Happy to agree to accept service via email to me and Chelsea (copied) if you are willing to accept via email
as well.
>
> Jordan S Bolton
> ClarkHill.com
> 248.988.1839 (Direct)
> 248.302.7737 (Cell)
> 248.988.1820 (Operations Assistant - Chelsea)
>
> This email message and any attachments are confidential and may be privileged. If you are not the intended
recipient, please notify us immediately by reply email and destroy all copies of this message and any
attachments. Please do not copy, forward, or disclose the contents to any other person. Thank you.

FILED
U.S. DISTRICT COURT
2019 DEC 12  AM 10: 02

1 of 1                                                                   12/5/19, 2:00 PM

To: RelayFax via port COM6                    From: 7344161279                    11/2019 5:00:28 PM  (Page 1 of 1)
12/11/2019 6:10 PM FAX  7344161279                    DISCON, INC.                    ☑0001/0001

Case No.
19-C3556-GC

 Gmail

**S G <sriakhil.gogineni@gmail.com>**

## Proof of Service - 2019-12-11

**Sriakhil Gogineni** <sriakhil.gogineni@gmail.com>                    Wed, Dec 11, 2019 at 4:54 PM
To: "Bolton, Jordan S." <jbolton@clarkhill.com>
Cc: "Gornbein, Chelsea J." <cgornbein@clarkhill.com>

–

Sriakhil Gogineni
734-644-3694 (Mobile)

This email and any attachments are confidential and may be privileged. They are for the sole use of
the intended recipient. Any review, copying, disclosure or distribution of this email or any attachments, by
others, is strictly prohibited.  If you are not the intended recipient, please notify the sender immediately via reply
email and permanently destroy the original and any copies of this email and any attachments. Thank you.

**2 attachments**

**mc22-FILLED.pdf**
110K

**Electronic Agreement + Proof of Service-2019-12-11-fax.pdf**
117K

FILED
2019 DEC 12 AM 10: 02
US DISTRICT COURT

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 35th     JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY | **JURY DEMAND** | 19-C3556-GC |

| Court address | Court telephone no. |
|---|---|
| 660 Plymouth Rd. Plymouth, MI 48170-6121 | (734) 459-4740 |

| Plaintiff(s) name(s)<br>Sriakhil Gogineni | v | Defendant(s) name(s)<br>EQUIFAX FINANCIAL CREDIT SERVICES, INC & EQUIFAX INC |
|---|---|---|
| Plaintiff's address and telephone no. or attorney name, bar no., address, and telephone no.<br>44058 Southampton Dr<br>Canton, MI 48187<br>734-644-3694 | | Defendant's address and telephone no. or attorney name, bar no., address, and telephone no.<br>Jordan S. Bolton (P66309)<br>151 S. Old Woodward Ave., Suite 200<br>Birmingham, MI 48009<br>(248) 988-1839 |

☐ Probate     In the matter of _____

☐ Juvenile     In the matter of _____

1. I demand a jury trial.

December 4, 2019
_____
Date

_Signature_
Signature

2019 DEC -5 PM 1:09
FILED
35TH DISTRICT COURT

Approved, SCAO
Form MC 22, Rev. 4/19
MCL 600.857(3), MCL 600.2529(1)(c),
MCR 2.508, MCR 2.509, MCR 3.911

Form Distribution:
Original - Court
1st copy - Plaintiff/Petitioner
2nd copy - Defendant/Respondent

To: RelayFax via port COM6                 From: 7344161279              1    2019 7:09:01 PM  (Page 1 of 21)
12/04/2019 8:14 PM FAX  7344161279              DISCON, INC.                              ☑0001/0021

STATE OF MICHIGAN
IN THE 35th JUDICIAL DISTRICT COURT

Sriakhil Gogineni

        Plaintiff,

    v.

EQUIFAX CREDIT INFORMATON
SERVICES, INC. &
EQUIFAX, INC.,

      Defendant.

Case No. 19C3556 – GC

Hon. James A. Plakas

JURY TRIAL DEMANDED

### PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Sriakhil Gogineni ("Plaintiff") brings this action against EQUIFAX, INC. and

EQUIFAX INFORMATION SERVICES, INC. ("Defendants") and respectfully alleges the

following:

### NATURE OF ACTION

1.   Plaintiff brings this suit to redress Defendants' failure to adequately safeguard

confidential personal information and related data.

2.   This action arises from one of the largest data security breaches ever to occur in the

United States.

3.   As a result of this breach, Plaintiff and the millions of individuals whose sensitive

personal data was made accessible now face substantial risk of further injury from identity theft,

credit and reputational harm, false tax claims, or even extortion.

### PARTIES


4.   Sriakhil Gogineni is a citizen of the State of Michigan, County of Wayne.

5.   Defendant Equifax Inc. is a global consumer credit reporting agency incorporated in

Georgia, with its principal place of business at 1500 Peachtree Street NW, Atlanta, Georgia.

6.   Equifax, along with Experian and TransUnion, is one of the three- largest credit-reporting

firms in the U.S. Equifax organizes and analyzes data on more than 820 million consumers and

more than 91 million businesses worldwide. Equifax's databases hold employee data submitted

by more than 7,100 employers.

7.   Equifax Information Services, Inc. operates as a subsidiary of Equifax Inc. and collects

and reports consumer information to financial institutions. Equifax Information Services, Inc. is

incorporated in Georgia with its principal place of business at 1500 Peachtree Street NW,

Atlanta, Georgia.

8.   Defendants do business nationwide, including in this District.

9.   Upon information and belief, the wrongful acts and/or decisions by Defendants leading to

this data breach occurred nationwide and in this District.

## FACTUAL ALLEGATIONS

10.   On September 7, 2017, Defendants publicly disclosed a massive data security breach that

affected approximately 144 million American consumers.

11.   Despite warnings as early as March 2016 – when Equifax learned that its subsidiary,

Equifax Workforce Solutions, had its website breached – that Equifax was in danger of serious

data breaches that could expose to hackers the personal and financial data millions of Americans,

Equifax and the other Defendants chose to do nothing to correct their inadequate internal

controls over the Company's technology and data security.

12.   Defendants first indicated that the attack was carried out from mid- May to July 2017.

To: RelayFax via port COM6        From: 7344161279        12/04/2019 7:09:01 PM (Page 3 of 21)
12/04/2019 8:15 PM FAX  7344161279        DISCON, INC.        ☑0003/0021

13.    Due to Defendants' failure to protect against this known risk, on or about July 29, 2017, Equifax discovered an unauthorized intrusion into its massive data files, resulting in unauthorized access to the personal and financial data of nearly half of the American citizenry (the "Data Breach").

14.    Despite the breadth and severity of the Data Breach, Equifax waited approximately six weeks until September 7, 2017, before publicly announcing and acknowledging that the Data Breach was discovered on July 29, 2017, potentially impacting approximately 143 million U.S. consumers. This data breach took place between May and July 2017, when cyber criminals exploited a U.S. website application vulnerability to gain access to Equifax files.

15.    Equifax has now admitted that its systems were breached in March 2017, five months earlier than previously acknowledged.

16.    Incredibly, between the time of the Data Breach and the public disclosure by Equifax, three Equifax executives brazenly sold at least $1.8 million worth of shares, as follows: Equifax's Corporate Vice President and Chief Financial Officer, sold shares worth $946,374 on August 1, 2017; President of Equifax's United States Information Solutions ("USIS") business, exercised options to dispose of stock worth $584,099 on August 1, 2017; Equifax's President of Workforce Solutions, sold shares worth $250,458 on August 2, 2017.

17.    Executives of Defendant have been found guilty of insider trading for selling stock prior to disclosure of the Data Breach and sentenced to pay fines and serve time in federal prison.

        "Ying thought of his own financial gain before the millions of people exposed in this data breach even knew they were victims […] He abused the trust placed in him and the senior position he held to profit from inside information." – U.S. Attorney Byung J. Pak.

18.    Defendants admit that their U.S. website application had a security "vulnerability" that allowed third parties to access a vast amount of individual personal identifying information.

To: RelayFax via port COM6            From: 7344161279            1/1/2019 7:09:01 PM  (Page 4 of 21)
12/04/2019 8:15 PM FAX  7344161279            DISCON, INC.                    ☒0004/0021

19.    As a result of Defendants' actions, the Social Security numbers, birth dates, addresses,

driver's license numbers, and other confidential personal information ("Confidential Personal

Information") of millions of U.S. consumers were unlawfully accessed by hackers. Hackers also

gained access to credit-card numbers for approximately 209,000 consumers, as well as dispute

records containing the Confidential Personal Information of roughly 182,000 consumers.

20.    Plaintiff, nor individuals whose Confidential Personal Information was compromised by

the hacking authorized such access or disclosure by Defendants.

21.    Defendants themselves have stated that Confidential Personal Information was accessed

by – and therefore presumably is in the hands of – "criminals."

22.    Defendants purport to be sophisticated companies with "industry expertise" in handling

"trusted unique data," including the highly sensitive and Confidential Personal Information of

individual consumers like Plaintiff.

23.    Despite these representations, Defendants have been sued, investigated, and fined

multiple times in recent years for fundamental flaws in their electronic systems that store and

handle Confidential Personal Information.

24.    After more than a month, Equifax established a website that allows U.S. Consumers to

determine whether their data may have been compromised and enroll in free credit monitoring.

25.    The website Equifax set up and directed consumers to use to check whether their

Confidential Personal Information had been compromised was itself fraught with security risks.

The site has a flawed Transport Layer Security implementation and runs on free blogging

software unsuitable for secure applications.

26.    The site also asks consumers to provide their last name, as well as the last six digits of the

social security numbers, without any assurance that that the information would be secure. It fails

To: RelayFax via port COM6          From: 7344161279          /2019 7:09:01 PM  (Page 5 of 21)
12/04/2019 8:15 PM FAX  7344161279          DISCON, INC.                    ☑0005/0021

to warn consumers to use a secure computer or encrypted network to transmit such sensitive information.

27.   In fact, the site appears to generate the same responses regardless of whether a consumer enters valid or fictional information.

28.   The site asks consumers to enroll in an Equifax product (TrustedID) that requires consumers to provide additional sensitive personal information.

29.   In order to use the TrustedID free credit monitoring, the site also inconspicuously requires consumers to waive certain legal rights and submit disputes to individual arbitration.

30.   Upon information and belief, the wrongful acts and/or decisions by Defendants leading to this data breach occurred nationwide and in this District.

## JURISDICTION

31.   This Court has jurisdiction pursuant to MCL 600.8301, in that the matter in controversy, exclusive of interest and costs, does not exceed the sum of $25,000 and is an action in which Plaintiff resides in the District and where the Defendant conducts significant business.

32.   This Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

33.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to claims occurred in this jurisdiction. Defendants are authorized to do business in this District and are subject to personal jurisdiction in this District.

## ACTION ALLEGATIONS

34.   Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

To: RelayFax via port COM6          From: 7344161279          /2019 7:09:01 PM (Page 6 of 21)
12/04/2019 8:16 PM FAX  7344161279          DISCON, INC.          ☑0006/0021



35.    While the exact number and identities of the victims are unknown at this time, and can only be ascertained through appropriate discovery, on information and belief.

36.    Defendants' wrongful conduct affected Plaintiff in the following way: a) Defendants improperly and inadequately stored consumers' Confidential Personal Information; b) Defendants failed to safeguard consumers' Confidential Personal Information; c) Defendants failed to immediately notify consumers of the data breach and/or notify them directly as soon as practicable after discovering the data breach; and d) Defendants failed to monitor and ensure compliance with pertinent data security standards, statutes and regulations.

37.    Questions of law and fact common to Plaintiff should be answered including, without limitation:

    (a) Whether Defendants' owed duties to victims under federal and state law to protect their Confidential Personal Information, provide timely notice of unauthorized access to this information, and provide meaningful and fair redress;

    (b) Whether Defendants breached these duties;

    (c) Whether Defendants acted wrongfully by improperly monitoring, storing and/or failing to properly safeguard consumers' Confidential Personal Information;

    (d) Whether Defendants knew, or reasonably should have known, about the deficiencies in their data storage systems;

    (e) Whether Defendants willfully failed to design, employ, and maintain a system adequate to protect consumers' personal information;

    (f) Whether representations that Defendants made about the security of their systems were false or misleading;

(g) Whether Defendants' failures resulted in the statutory and common law breaches alleged herein; and

(h) Whether Defendants failed to properly and timely notify Plaintiff and victims of the breach as soon as practical after it was discovered.

**COUNT I**

**VIOLATION OF FAIR CREDIT REPORTING ACT ("FCRA")**

38.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

39.   Plaintiff is an individual consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

40.   The Confidential Personal Information at issue was a "consumer report" within the meaning of the FCRA (15 U.S.C. § 1681a(d)) because the Confidential Personal Information was a communication of information that bears on the credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of Plaintiff that was expected to be used or collected to serve as a factor in establishing Plaintiff's eligibility for credit.

41.   Defendants are consumer reporting agencies within the meaning of the FCRA (15 U.S.C. § 1681e(a)) because they regularly engage, for monetary fees, in assembling and evaluating consumer credit information and other consumer information for the purpose of furnishing consumer reports to third parties, such as banks, cell phone carriers, and other lenders and retailers.

Case 2:20-mc-50443-SFC-APP  ECF No. 1  filed 03/03/20  PageID.34  Page 34 of 72
To: RelayFax via port COM6                    From: 7344161279          12/04/2019 7:09:01 PM  (Page 8 of 21)
12/04/2019 8:16 PM FAX  7344161279          DISCON, INC.                           ☑0008/0021

42.  Under the FCRA, Defendants were required to maintain reasonable procedures that are designed to limit the furnishing of consumer reports to six circumstances ("purposes") identified at 15 U.S.C. § 1681b.

43.  Defendants violated the FCRA by furnishing the personal information in various consumer reports to the unauthorized individuals or entities that accessed the Confidential Personal Information through the Equifax website, because furnishing consumer reports in such circumstances is not one of the permitted "purposes" under the FCRA. In addition, Defendants failed to maintain reasonable technological or other procedures designed to prevent such impermissible furnishing of consumer reports.

44.  In light of Defendants' knowledge, experience, and expertise in consumer data security, prior failures in their systems, and the vast nature of this breach, which affected such core consumer information and went on for so long without detection and disclosure, it also is clear that Defendants acted willfully or recklessly in their failure to safeguard the Confidential Personal Information at issue here.

45.  Defendants' willful and/or reckless violations of the FCRA provided the means for third parties to access, obtain, and misuse the Confidential Personal Information of Plaintiff without authorization and for purposes not permitted by the FCRA.

46.  Defendants' violation of their duties under the FCRA constitutes a de facto injury to Plaintiff. In addition, Defendants' violation of the FCRA has directly and proximately injured Plaintiff, including causing him to expend time and resources investigating the extent to which his personal information has been compromised, taking reasonable steps to minimize the extent to which the breach puts their credit, reputation, and finances at risk, and taking reasonable steps

(now and in the future) to redress fraud, identity theft, and similarly foreseeable consequences of criminals obtaining the personal information.

47.   Pursuant to 15 U.S.C. § 1681n(a)(1)–(3), Plaintiff is entitled to recover his costs for Defendants' negligent and willful non-compliance with the FCRA.

**COUNT II**

**BREACH OF FIDUCIARY DUTY**

48.   Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

49.   By virtue of their possession, custody and/or control of Plaintiff's Confidential Personal Information, and their duty to properly monitor and safeguard it, Defendants were, and continue to be, in a confidential, special and/or fiduciary relationship with Plaintiff. As fiduciaries, Defendants owed, and continue to owe, Plaintiff:

>    (a) the commitment to deal fairly and honestly;

>    (b) the duties of good faith and undivided loyalty; and

>    (c) integrity of the strictest kind.

50.   Defendants were, and continue to be, obligated to exercise the highest degree of care in carrying out their responsibilities to Plaintiff under such confidential, special and/or fiduciary relationships.

51.   Defendants breached their fiduciary duties to Plaintiff by, inter alia, improperly storing, monitoring and/or safeguarding Plaintiff's Confidential Personal Information.

52.   To the extent that Defendants are fiduciaries who did not breach the duties outlined above, Defendants are nonetheless liable because they had knowledge of the breaches of



To: RelayFax via port COM6    From: 7344161279    12/04/2019 7:09:01 PM (Page 10 of 21)
12/04/2019 8:16 PM FAX  7344161279        DISCON, INC.                    ☑0010/0021

fiduciary duty committed by other fiduciaries and did not make reasonable efforts under the

circumstances to remedy such fiduciary breaches.

53.    To the extent that Defendants are not fiduciaries, Defendants are nonetheless liable

because they engaged in transactions with a breaching fiduciary under circumstances in which

they knew, or should have known, about such fiduciary breaches.

54.    Defendants breached their fiduciary duties to Plaintiff by their wrongful actions described

above. Defendants willfully and wantonly breached their fiduciary duties to Plaintiff, or, at the

very least, committed these breaches with conscious indifference and reckless disregard of their

rights and interests.

**COUNT III**

**NEGLIGENCE**

55.    Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and

further alleges as follows.

56.    Defendants were, and continue to be, in confidential, special and/or fiduciary

relationships with Plaintiff by virtue of being entrusted with their Confidential Personal

Information. At the very least, therefore, Defendants assumed a duty, and had duties imposed

upon them by regulations and common law, to use reasonable care to keep Plaintiff's

Confidential Personal Information private and secure, including a duty to comply with applicable

data security standards, statutes and/or regulations.

57.    Defendants also had a duty to timely inform Plaintiff of the breach and the fact that their

Confidential Personal Information had been stolen and/or compromised, and, upon learning of

the breach, a duty to take immediate action to protect Plaintiff from the foreseeable


consequences of the breach. By their acts and omissions described therein, Defendants

unlawfully breached their duty, and Plaintiff were harmed as a direct result.

58. Defendants knew, or should have known, that their computer network for processing and

storing consumers' Confidential Personal Information had security vulnerabilities. Defendants

were negligent by continuing to accept, process and store such information in light of these

computer network vulnerabilities and the sensitivity of the Confidential Personal Information

stored within.

59. The breach, and the resulting damages suffered by Plaintiff, were the direct and

proximate result of a number of negligent actions and omissions, including but not limited to:

      (a) Defendants' improper retention and storage of Plaintiff's Confidential Personal

          Information;

      (b) Defendants' failure to use reasonable care to implement and maintain appropriate

          security procedures necessary to protect such information from unlawful intrusion

          and access;

      (c) Defendants' delay in notifying Plaintiff about the breach for more than a month;

          and

      (d) Defendants' failure to take immediate and effective action to protect Plaintiff

          from potential and foreseeable damage.

60. Defendants' wrongful actions constitute negligence.

61. When Defendants gathered and transmitted consumers' Confidential

62. Personal Information, they came into the possession, custody and control of this sensitive

information and as such, were and continue to be in confidential, special and/or fiduciary

relationships with Plaintiff. At the very least, Defendants had a duty to monitor and safeguard

such information to keep it private and secure, including a duty to ensure that Defendants

complied with applicable data security standards, statutes and/or regulations.

63.   Defendants knew, or should have known, that their network for processing and storing

consumers' Confidential Personal Information had security vulnerabilities. Indeed, Defendants

were aware in March 2017 of the security vulnerabilities of their data due to unlawful access by

hackers but yet failed to take all necessary steps to preclude the later hacker access. Defendants

were negligent in continuing to maintain and process such Confidential Personal Information in

light of those vulnerabilities and the sensitivity of the information.

64.   The breach was a direct and/or proximate result of Defendants' failure to use reasonable

care to ensure that they maintained appropriate security procedures reasonably designed to

protect Plaintiff's Confidential Personal Information. Defendants' wrongful conduct constitutes

negligence.

65.   Plaintiff has not in any way contributed to the security breach or the compromise or theft

of their Confidential Personal Information from Defendants.

**COUNT IV**

**NEGLIGENCE PER SE**

66.   Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and

further alleges as follows.

67.   Pursuant to the Gramm-Leach-Bliley Act (the "Act"), 15 U.S.C. § 6801, Defendants had

a duty to protect and keep consumers' Confidential Personal Information secure, private and

confidential.

68.   Defendants violated the Act by not adequately safeguarding Plaintiff's Confidential

Personal Information, as defined under the Act, and by not adequately monitoring and ensuring

To: RelayFax via port COM6          From: 7344161279          12/04/2019 7:09:01 PM  (Page 13 of 21)
12/04/2019 8:17 PM FAX  7344161279          DISCON, INC.                    ☑0013/0021

that Defendants complied with data security standards, card association standards, statutes and/or regulations designed to protect such Confidential Personal Information.

69.   Defendants also failed to comply with data security standards, statutes and regulations prohibiting the storage of unprotected Confidential Personal Information.

70.   Defendants' failure to comply with the Act, industry standards and/or regulations constitutes negligence per se.

## COUNT V

### BREACH OF CONTRACT

71.   Plaintiff incorporates each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

72.   Plaintiff was party to actual or implied contracts with Defendants that required Defendants to properly safeguard their Confidential Personal Information from theft, compromise and/or unauthorized disclosure.

73.   Additionally, Plaintiff was a third-party beneficiary to contracts and/or agreements by and between Defendants and other institutions and networks. These agreements required Defendants to properly safeguard Confidential Personal Information from theft, compromise and unauthorized disclosure.

74.   Defendants breached their agreements with Plaintiff by failing to properly safeguard Confidential Personal Information from theft, compromise and/or unauthorized disclosure. Defendants' wrongful conduct constitutes breach of contract.

## COUNT VI

### COMMON LAW INVASION OF PRIVACY

75.   Plaintiff incorporates the allegations above as if fully described herein.

To: RelayFax via port COM6          From: 7344161279          12  2019 7:09:01 PM  (Page 14 of 21)
12/04/2019 8:17 PM FAX  7344161279          DISCON, INC.          ⌧0014/0021

76.   Plaintiff specifically incorporates herein this claim the allegations set forth in the Statement of Facts above.

77.   Defendants are and were not authorized to disclose, transmit, or otherwise allow access to Plaintiff's Confidential Personal Information to unauthorized persons.

78.   As a result of Defendants' conduct, Plaintiff and the Class Members' Confidential Personal Information was disclosed to or allow to be accessed by unauthorized persons.

79.   Defendants' conduct alleged herein was highly offensive and egregious and would be offensive to a reasonable person as well as an egregious breach of the social norm.

80.   Defendants' conduct violated Plaintiff and the Class Members' common law right of privacy.

81.   Defendants' conduct directly resulted in substantial damages and irreparable harm to Plaintiff and the Class Members.

82.   Defendants' conduct was intentional, reckless, and/or negligent.

83.   Plaintiff and the Class Members are entitled to damages in an amount to be proven at trial, punitive damages, injunctive relief, and attorney's fees.

## COUNT VII

### VIOLATION OF MICHIGAN IDENTITY THEFT PROTECTION ACT OF 2004,

### MCLS § 445.61 ET SEQ.

84.   Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

85.   Plaintiff brings this Count on behalf of herself and the Michigan Subclass.

86.   At all times pertinent to the allegations in this Complaint, the Identity Theft Protection Act of 2004, codified at MCLS § 445.61, et seq., was in full force and effect.

To: RelayFax via port COM6          From: 7344161279          12/04/2019 7:09:01 PM  (Page 15 of 21)
12/04/2019 8:17 PM FAX  7344161279          DISCON, INC.          ☑ 0015/0021

87.    The data security breach described in this Complaint is a "security breach" as defined in MCLS § 445.63 (b).

88.    Plaintiff and Members of the Michigan Subclass are "persons" as defined in MCLS § 445.63 (p).

89.    The Confidential Personal Information described in this Complaint is "personal identifying information" as defined in MCLS § 445.63 (q).

90.    In the event of a security breach such as the breach described in this Complaint, MCLS § 445.72 mandates that Defendants "shall provide a notice" to affected owners of Confidential Personal Information, "[u]nless the person or agency determines that the security breach has not or is not likely to cause substantial loss or injury to, or result in identity theft with respect to" those owners.

91.    This notice must be provided "without unreasonable delay." MCLS § 445.72 (4).

92.    Defendants violated MCLS § 445.72 by failing to provide notice to Plaintiff or the Members of the Michigan Subclass without unreasonable delay, waiting nearly six weeks to disclose the breach publicly, and even longer to notify individuals affected.

93.    As a result of this unreasonable delay, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT VIII

## DECLARATORY JUDGMENT

94.    Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

95.    As set forth above, Plaintiff has valid common law and statutory claims against Equifax. An actual controversy has arisen in the wake of Equifax's Data Breach regarding Equifax's

To: RelayFax via port COM6    From: 7344161279    12/04/2019 7:09:01 PM (Page 16 of 21)
12/04/2019 8:18 PM FAX 7344161279     DISCON, INC.      ☑0016/0021

current obligations to provide reasonable internet security measures to protect Confidential Personal Information of Plaintiff.

96. Plaintiff thus seeks a declaration that to comply with its existing obligations, Equifax must implement specific additional, prudent industry security practices, as outlined below, to provide reasonable protection and security to the Confidential Personal Information of the Plaintiff. Specifically, Plaintiff seeks a declaration that (a) Equifax's existing internet security measures do not comply with its obligations, and (b) that to comply with its obligations, Equifax must implement and maintain reasonable internet security measures on behalf of Plaintiff, including, but not limited to: (1) engaging third party security internet security testers as well as internal security personnel to conduct testing consistent with prudent industry practices, including simulated attacks, penetration tests, and audits on Equifax's internet security measures on a periodic basis; (2) engaging third party interest security testers and internal personnel to run automated security monitoring of Equifax's websites and databases consistent with prudent industry practices; (3) audit, test, and train its internal internet security personnel regarding any new or modified procedures; (4) conducting regular website, internet, and online database scanning and security checks consistent with prudent industry practices; (5) periodically conducting internal training and education to inform internal personnel how to identify and contain a data breach when it occurs and what to do in response to a breach consistent with prudent industry practices; (6) receiving periodic compliance audits by a third party regarding the security of the Equifax's online websites and databases it uses to store the Confidential Personal Information of its customers; (7) providing ongoing identity theft protection, monitoring, and recovery services to Plaintiff.

To: RelayFax via port COM6          From: 7344161279          12  2019 7:09:01 PM  (Page 17 of 21)
12/04/2019 8:18 PM FAX  7344161279          DISCON, INC.          ☑0017/0021

97.   The Plaintiff is entitled to a declaration of rights providing that Equifax is obligated, pursuant to terms established by the Court, to reimburse victims for any and all future harm caused by the data breach.

### REQUESTED RELIEF

98.   As a direct and/or proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and will continue to sustain, damages in the form of: a) the unauthorized disclosure and/or compromise of their confidential personal information; b) monetary losses and damage to credit from fraudulent charges made on their accounts; and c) the burden and expense of credit monitoring.

99.   Plaintiff's damages were reasonably foreseeable by Defendants.

100.   Plaintiff is entitled to equitable relief to prevent any additional harm including, but not limited to, provision of credit monitoring services for a period of time to be determined by the trier of fact.

101.   Plaintiff is entitled to recover their reasonable and necessary litigation expenses and court costs.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.   Enter judgment in favor of Plaintiff against Defendants under the legal theories alleged herein;

    B.   Award damages and/or equitable relief in an amount to be determined by the trier of fact;

    C.   Award expenses and costs of suit;

    D.   Award pre-judgment and post-judgment interest at the maximum rate allowed by law; and

To: RelayFax via port COM6                        From: 7344161279            12/ ●2019 7:09:01 PM  (Page 18 of 21)
12/04/2019 8:18 PM FAX  7344161279        DISCON, INC.                                        ☑0018/0021

E.  Such other and further relief as to this Court may deem necessary, just and proper.

## JURY TRIAL DEMANDED

Plaintiff respectfully demands a trial by jury on all the claims and causes of action so

triable.


Dated: December 4, 2019                    By: _____

                                                *Plaintiff in Pro Per*

                                           Sriakhil Gogineni
                                           44058 Southampton Dr
                                           Canton, MI 48187
                                           Phone: 734-644-3694
                                           Email: sriakhil.gogineni@gmail.com

AFFIDAVIT OF SRIAKHIL GOGINENI

I declare this AMENDED COMPLAINT has been examined by me and that its contents are true
to the best of my information, knowledge and belief.

Signature _____

            Sriakhil Gogineni

Subscribed and sworn to before me this 4th day of December, 2019.

JOANNE ISSA
Notary Public - State of Michigan
County of Wayne
My Commission Expires Jul 17, 2025
Acting in the County of _____

PROOF OF SERVICE

The undersigned certifies that on <u>4th</u> day of <u>December 2019</u>, they served the foregoing,

<u>AMENDED COMPLAINT</u> via USPS First Class mail.

Tracking #      <u>9400 1286 9993 8879 9375 48</u>

on the following:

Jordan S. Bolton / Clark Hill PLC

151 S Old Woodward Ave., Ste 200

Birmingham, Michigan 48009

United States

Signature _____

Name  Sriakhil Gogineni

```
================================
            CANTON
      480 N CANTON CENTER RD
       CANTON, MI 48187-9998
           259791-0188
          (800)275-8777
       12/04/2019 06:13 PM
================================
================================
--------------------------------
Product           Qty    Unit      Price
                         Price
--------------------------------
Prepaid Mail                       $0.00
     (Weight:0 lbs.  3.80 oz.)
     (Destination:BIRMINGHAM, MI 48009)
     (Acceptance Date:12/04/2019  18:13:23)
     (USPS Tracking #)
     (42048000994001286999388799337548)
--------------------------------
Total:                             $0.00
--------------------------------

--------------------------------
--------------------------------

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

          Preview your Mail
          Track your Packages
          Sign up for FREE @
        www.informeddelivery.com


All sales final on stamps and postage.
 Refunds for guaranteed services only.
      Thank you for your business.

      HELP US SERVE YOU BETTER

    TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE

             Go to:
     https://postalexperience.com/Pos

    840-5481-0172-003-00053-30024-02

       or scan this code with
        your mobile device:
```



```
      or call 1-800-410-7420.

      YOUR OPINION COUNTS



Receipt #: 840-54810172-3-5330024-2
Clerk: 03
```

**STATE OF MICHIGAN**
**IN THE 35th JUDICIAL DISTRICT COURT**

SRIAKHIL GOGINENI,

     Plaintiff,

v.

EQUIFAX CREDIT INFORMATION
SERVICES, INC.,

     Defendant.

Case No. 19-C3556-GC
Hon. James A. Plakas

_____ /

| | |
|---|---|
| Sriakhil Gogineni (*pro se*)<br>44058 Southampton Dr.<br>Canton, MI 48187<br>(734) 644-3694<br>sriakhil.gogineni@gmail.com | Jordan S. Bolton (P66309)<br>Clark Hill PLC<br>151 S. Old Woodward Ave., Suite 200<br>Birmingham, MI 48009<br>(248) 988-1839<br>jbolton@clarkhill.com<br>*Attorneys for Defendant* |

_____ /

**STIPULATED ORDER GRANTING**
**MOTION FOR MORE DEFINITE STATEMENT**

At a session of said Court, held in the City of Canton,
State of Michigan on _____11-6-19_____

Present: _____James A. Plakas P52722_____
     Hon. James A. Plakas

Upon the filing of Equifax Inc.'s Motion for More Definite Statement, and the stipulation of the parties; and the Court being adequately advised in the premises:

IT IS ORDERED that the motion is GRANTED; IN PART

IT IS FURTHER ORDERED that Plaintiff shall file and serve an amended complaint inclusive of a more definite statement in accordance with MCR 2.111, MCR 2.112, and MCR 2.115, on or before December 6, 2019, including, *inter alia*:

     (A) Details of the alleged breach of Plaintiff's data, including when and how;

1

(B) Details of the extent to and manner in which Plaintiff was allegedly damaged

as a result; and

(C) The specific causes of action Plaintiff asserts against Equifax.

IT IS FURTHER ORDERED that should Plaintiff fail to timely file and serve the more

definite statement ordered, Plaintiff's Complaint shall be dismissed.

SO ORDERED.

_____
District Court Judge

STIPULATED AND AGREED THIS 6TH DAY OF NOVEMBER, 2019:

_____
Sriakhil Gogineni (*pro se*)
44058 Southampton Dr.
Canton, MI 48187
(734) 644-3694
sriakhil.gogineni@gmail.com

_____
Jordan S. Bolton (P66309)
Clark Hill PLC
151 S. Old Woodward Ave., Suite 200
Birmingham, MI  48009
(248) 988-1839
jbolton@clarkhill.com
*Attorneys for Defendant*

2

Case 2:20-mc-50443-SFC-APP   ECF No. 1   filed 03/03/20   PageID.50   Page 50 of 72

|                    |                              |
|--------------------|------------------------------|
| Court Address 660 PLYMOUTH ROAD | Court Telephone |
| PLYMOUTH, MI  48170 | (734) 459-4740 |

| Plaintiff            {_}Personal service |
|---|
| GOGINENI/SRIAKHIL/  10/22/19 rv mld |
| 44058 SOUTHAMPTON DR |
| CANTON, MI  48187 |

V

| Defendant            {_}Personal service |
|---|
| EQUIFAX CREDIT INFO SERVICES INC/ |
| 601 ABBOT RD |
| EAST LANSING, MI  48823 |

| Pltf Atty/People {_}Personal service |
|---|
|  |
|  |

| Defendant's Atty {_}Personal service |
|---|
| (248) 988-1839    P-66309 10/22/19 rv mld. |
| JORDAN S. BOLTON |
| 151 S OLD WOODWARD AVE |
| STE 200 |
| BIRMINGHAM, MI  48009 |

| Officer |
|---|
|  |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Date issued: OCT. 22, 2019

**YOU ARE DIRECTED TO APPEAR AT:**

{X}The court address above, courtroom 301

{_}

Judge:  JAMES A. PLAKAS          P-52722

**FOR THE FOLLOWING PURPOSE:**

|  | DAY | DATE | TIME |
|---|---|---|---|
| {_}Pre-trial Conf | | | |
| {_}Probable Cause | | | |
| {_}Prelim Exam | | | |
| {_}Jury Selection | | | |
| {_}Jury Trial | | | |
| {_}NonJury Trial | | | |
| {_}Sentencing | | | |
| **FOR MORE DEFIN STATEMENT** | | | |
| {X}Motion | WED | 11/06/19 | 2:00 PM |
| {_}Arraignment | | | |
| {_}Informal Hrg | | | |
| {_}Formal Hearing | | | |
| {_} | | | |
| {_}The above matter is adjourned from | | | |

**Clerk of the Court**

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.
2. No case may be adjourned except by authority of the judge for good cause shown.
3. FAILURE OF THE DEFENDANT TO APPEAR in a civil case may cause a default judgment to be entered. FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case.
4. FAILURE TO APPEAR in a criminal case may subject you to the penalty for contempt of court, and a bench warrant may be issued for your arrest.
5. If you intend to employ a lawyer, he or she should be notified of the date at once.
6. Fines, costs, and other financial obligations imposed by the court must be paid at the time of assessment, except when the court allows otherwise, for good cause shown.

MC 06   (6/19)   **NOTICE TO APPEAR**

# STATE OF MICHIGAN
## IN THE 35TH JUDICIAL DISTRICT COURT

SRIAKHIL GOGINENI,
*IN PRO PER*
                                        Case No.19C3556- GC

         Plaintiff,

   vs.

EQUIFAX CREDIT INFORMATION
SERVICE, INC.,

         Defendant.

---

| | |
|---|---|
| Sriakhil Gogineni | Jordan S. Bolton (P66309) |
| *In Pro Per* | Clark Hill PLC |
| 44058 Southampton Drive. | 151 S. Old Woodward Ave., Suite 200 |
| Canton, MI 48187 | Birmingham, MI 48009 |
| Plaintiff | (248) 988-1839 |
| | JBolton@ClarkHill.com |
| | Attorneys for Equifax Inc. |

---

## DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

Equifax Inc. ("Equifax"), improperly referred to as Equifax Credit Information Services,

Inc., through its attorneys Clark Hill PLC, pursuant to MCR 4.306(C), and for its Motion for

More Definite Statement, states as follows:

      1.     On or about August 21, 2019, the *In Pro Per* Plaintiff Sriakhil Gogineni

filed an Affidavit and Claim (the "Complaint") in the small claims division of the 35th District

Court, stating in its entirety:

> Equifax Credit Information Services Inc. was negligent in allowing my data to be
> breached under Fair Credit Reporting Act. The company does significant business
> in Michigan and is subject to jurisdiction. The breach has resulted in permanent
> release of my permanent data, including my social security number. I am at risk of
> identity theft at any time. I am seeking the maximum amount allowed under MI
> Small Claims."

*See* **Exhibit A.** Equifax was served with the Complaint no earlier than August 30, 2019.

2.     On or about October 3, 2019, only days before a scheduled hearing on the Complaint, Plaintiff filed a demand for removal from the small claims division to this Court pursuant to MCR 4.306(A). The Court signed the order of removal on October 4, 2019. **Exhibit B**.

5.     The Complaint alleges that Equifax "allowed [Plaintiff's] data to be breached." No details are provided that would identity when or how Equifax allegedly allowed this to happen or how any such breach resulted in Plaintiff's alleged damages. Equifax does not have that information, cannot secure it with the exercise of reasonable diligence, and is unable to answer Plaintiff's claim without it. **Exhibit C**.

6.     MCR 2.111(B)(2) requires a complaint to allege all facts necessary to inform a defendant of "the nature of the claims" it is being "called to defend."

7.     The complaint utterly fails to satisfy MCR 2.111(B)(2) because it is vague and ambiguous to an extent that it does not inform Equifax of the nature of the claims asserted.

9.     MCR 2.115 provides that a defendant may file a motion for a more definite statement *before* filing a responsive pleading, when a pleading is "so vague or ambiguous that it fails to comply with the requirements of these rules…" MCR 2.115(A).

10.     The Complaint does not provide, *inter alia*:

(A) Details of the alleged breach comprising the damages alleged in the Complaint, including how and when any such breach occurred, the data of Plaintiff's that was affected, and how the breach may have caused Plaintiff's alleged damages.

(B) A description of the nature of Plaintiff's claim(s) against Equifax; specifically, the nature of the cause(s) of action against Equifax.

11.    Without the above, the Complaint "is so vague or ambiguous that it fails to comply with the requirements of [MCR 2.111 and 2.112]." MCR 2.115(A).

12.    MCR 2.115(A) provides that if the Court grants Equifax's motion and the order is not obeyed, "the court may strike the [Complaint]… or enter an order it deems just." MCR 2.115(A).

WHEREFORE, Equifax respectfully requests that the Court order Plaintiff to provide a more definite statement within fourteen (14) days, and, if Plaintiff fails to do so, dismiss Plaintiff's complaint and award Equifax its costs and any applicable attorney fees wrongfully so incurred in defending this action. A form of proposed order is attached as **Exhibit D**.

Respectfully submitted,

By: _____

Jordan S. Bolton (P66309)
Clark Hill PLC
151 S. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 988-1839
JBolton@ClarkHill.com
Attorneys for Equifax Inc.

## STATE OF MICHIGAN
## IN THE 35TH DISTRICT COURT

SRIAKHIL GOGINENI,
*IN PRO PER*

                                    Case No.19C3556 - GC

               Plaintiff,

    vs.

EQUIFAX CREDIT INFORMATION
SERVICE, INC.,

               Defendant.

_____/

| | |
|---|---|
| Sriakhil Gogineni | Jordan S. Bolton (P66309) |
| *In Pro Per* | Clark Hill PLC |
| 44058 Southampton Drive. | 151 S. Old Woodward Ave., Suite 200 |
| Canton, MI 48187 | Birmingham, MI 48009 |
| Plaintiff | (248) 988-1839 |
| | JBolton@ClarkHill.com |
| | Attorneys for Equifax Inc. |

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION FOR MORE DEFINITE STATEMENT

In support of Equifax Inc.'s ("Equifax"), improperly referred to as Equifax Credit

Information Services, Inc., Motion for More Definite Statement, Equifax relies upon the facts,

law and argument contained in the Motion, including without limitation, MCR 2.111, 2.112,

2.115, and 4.306.

4

WHEREFORE, Equifax respectfully requests that the Court order Plaintiff to provide a more definite statement within fourteen (14) days, and, if Plaintiff fails to do so, dismiss Plaintiff's complaint and award Equifax its costs and any applicable attorney fees wrongfully so incurred in defending this action.

Respectfully submitted,

CLARK HILL PLC

By: _____
    Jordan S. Bolton (P66309)
    151 S. Old Woodward Ave.
    Birmingham, Michigan 48009
    (248) 988-1839
    JBolton@ClarkHill.com
    Attorneys for Equifax Inc.

5

## PROOF OF SERVICE

The undersigned certifies that on the 18th day of October 2019, she served the foregoing Motion for More Definite Statement via first class mail on the following:

Sriakhil Gogineni
44058 Southampton Drive.
Canton, MI 48187

Chelsea Gornbein

A

| Approved, SCAO | Original - Court (with instructions)<br>1st copy - Defendant (with instructions) | 2nd copy - Plaintiff (with instructions)<br>3rd copy - Return (with proof of service) |

| STATE OF MICHIGAN<br>35th JUDICIAL DISTRICT | AFFIDAVIT AND CLAIM<br>Small Claims | CASE NO.<br>19C3566SC |

Court address
660 Plymouth Rd., Plymouth, MI 48170

Court telephone no.
(734)459-4740

See additional notice and instructions on the back of plaintiff and defendant copies.

1. Sriakhil Gogineni
Plaintiff

44058 Southampton Dr
Address

Canton, MI 48187          (734) 644-3694
City, state, zip          Telephone no.

2. EQUIFAX CREDIT INFORMATION SERVICES, INC
Defendant

601 ABBOT ROAD
Address

East Lansing, MI 48823
City, state, zip          Telephone no.

**NOTICE OF HEARING**
For Court Use Only

The plaintiff and the defendant must be in court on

Mon _____ 10-7-19
Day          Date

at 2:00p at the court address above.
Time

☐ _____
Location

Fee paid: $ _____
Process server's name

☑ 3. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint
has been previously filed in ☐ this court ☑ UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION ___ Court.
It was given case number 1:17-md-2800-TWT and assigned to Judge THOMAS W. THRASH, JR.
The action ☑ remains ☐ is no longer pending.

4. I have knowledge or belief about all the facts stated in this affidavit and I am
☒ the plaintiff or his/her guardian, conservator, or next friend. ☐ a partner. ☐ a full-time employee of the plaintiff.

5. The plaintiff is ☒ an individual. ☐ a partnership. ☐ a corporation. ☐ a sole proprietor. ☐ _____

6. The defendant is ☐ an individual. ☐ a partnership. ☒ a corporation. ☐ a sole proprietor. ☐ _____

7. The date(s) the claim arose is/are 2017 - Present
Attach separate sheets if necessary

8. Amount of money claimed is $ 6,000.00 (Note: Plaintiff's costs are determined by the court and awarded as appropriate. They are not part of the amount claimed.)

9. The reasons for the claim are: Equifax Credit Information Services, Inc. was negligent in allowing my data to be breached under Fair Credit Reporting Act. The company does significant business in Michigan and is subject to jurisdiction. The breach has resulted in permanent release of my private data, including my social security number. I am at risk of identity theft at any time. I am seeking the maximum amount allowed under MI Small Claims. & ML 445.72

10. The plaintiff understands and accepts that the claim is limited to $6,000 by law and that the plaintiff gives up the rights to (a) recover more than this limit, (b) an attorney, (c) a jury trial, and (d) appeal the judge's decision.

11. I believe the defendant ☑ is ☐ is not mentally competent. I believe the defendant ☑ is ☐ is not 18 years or older.

12. ☐ I do not know whether the defendant is in the military service. ☑ The defendant is not in the military service.
☐ The defendant is in the military service.

Subscribed and sworn to before me on 8-31-19 , _____ County, Michigan.
Signature

My commission expires: _____          Signature _____
Date          Deputy clerk/Notary public

Notary public, State of Michigan, County of _____

The defendant(s) must be served by 11-30-79
Expiration date

DC 84 (6/19) AFFIDAVIT AND CLAIM, Small Claims          MCL 600.8401 et seq., MCR 4.302, MCR 4.303, 50 USC 3931

# WHAT TO DO IF YOU ARE BEING SUED IN SMALL CLAIMS COURT

The attached sheet titled *"Affidavit and Claim"* that you have just received means you *(the defendant)* are being sued in the Small Claims Division of District Court. The Court is being asked to settle a matter which someone *(the plaintiff)* says is your obligation and responsibility.

If you feel the claim is justified and there is no need to go to trial, contact the plaintiff immediately and make arrangements to pay the money you owe. He/she will then contact the court and have the case dismissed. Once this is done, it will not be necessary for you to appear. Remember, however, once the plaintiff has started a court action, *he/she is entitled to any court costs that he/she had to pay up to the time of settlement.*

If you should disagree with the claim and feel it is not your obligations, come to court prepared to dispute the plaintiff's claim. For instance, if it's a bill and you can prove you paid it, bring proof to court. If the material or service you are being asked to pay for wasn't received or was unsatisfactory, be prepared to prove it. YOU MUST BRING ALL YOUR WITNESSES AND PROOFS WITH YOU ON THE DAY OF TRIAL. *No postponement of adjournment will be granted to permit you to bring these at a later date.* Remember, it's your word against the plaintiff's. It isn't the judge's fault if he has to rule against you because you weren't prepared to prove your case.

If you decide to go to trial, the date you are to appear is shown on the affidavit under *"Notice of Hearing"*. Plan to arrive at the courthouse a few minutes early. This will give you time to check in with the court receptionist and locate the courtroom where your trial will be held.

*By having the case tried in the Small Claims Division, both parties give up the following rights: 1) the right to an attorney – you must represent yourself; 2) the right to appeal to a higher court – the District Court judge's decision is final; and 3) the right to a jury trial.*

If you feel the case is complicated and you need legal assistance, you may want to hire an attorney to represent you. CONTACT ONE IMMEDIATELY. He/she will then file the necessary paperwork to have the case changed from Small Claims to the regular civil division of the court.

If you fail to appear at the hearing, or appear late, the court may enter a default judgment against you and you will have to pay. If the plaintiff fails to appear, the court will dismiss the case.

| Original - Court<br>1st copy - Applicant<br>2nd copy - Other party | 3rd copy - Friend of the court<br>(when applicable)<br>JIS CODE: OSF |
| --- | --- |

| **STATE OF MICHIGAN**<br>**35th JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **FEE WAIVER REQUEST** | **CASE NO.**<br>*19C 3556 SC* |
| --- | --- | --- |

Court address

Court telephone no.
734-459-4740

| Plaintiff's/Petitioner's name<br>Sriakhil Gogineni | **v** | Defendant's/Respondent's name |
| --- | --- | --- |
| Plaintiff's/Petitioner's attorney, and bar no. | | Defendant's/Respondent's attorney and bar no. |

☐ Probate   In the matter of _____

**Instructions:** Complete the form and file it with the clerk. After you receive a decision on your request, you must serve your request and the decision on the other party.

I request a waiver of my filing fees for the following reason: (Check 1, 2, or 3)

☐ 1. I receive the following type(s) of public assistance because of indigence:
    ☐ Food Assistance Program through the State of Michigan (also known as FAP or SNAP)
    ☑ Medicaid (including Healthy Michigan, CHIP, and ESO)
    ☐ Family Independence Program through the State of Michigan (also known as FIP or TANF)
    ☐ Women, Infants, and Children benefits (WIC)
    ☐ Supplemental Security Income through the federal government (SSI)
    ☐ Other means-tested public assistance: _____

    My public assistance case number(s) (if any) is <u>1194035979</u>
    Write "none" if no case number. Do not write your SSN.

☑ 2. I am represented by a legal services program or I receive assistance from a law school clinic because of indigence. The name of the legal services program or law school clinic is

    Michigan Legal Help Self-Help Center Network of Wayne County, University of Michigan Law Library

☐ 3. I am unable to pay the fees and I did not check item 1 or 2.
    My gross household income is $ _____ every _____
    Week/Two weeks/Month/Year
    The number of people in my household is _____.
    My source of income is _____
    List assets and their worth, such as bank accounts. If you need more space, attach a separate sheet.

    List obligations and how much you pay, such as rent or other debts. If you need more space, attach a separate sheet.

I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

2019-08-20
_____
Date

Signature _____

☑ **FOR CLERK USE ONLY:** Payment of filing fees is waived.

*8-21-19*
_____
Date

Signature of court clerk _____

**MC 20   (2/19)   FEE WAIVER REQUEST**

MCR 2.002









U.S. POSTAGE >> PITNEY BOWES

ZIP 48170
02 4W
0000360153 AUG 28 2019
$ 006.30

CERTIFIED MAIL™

7013 1090 0001 9469 0004

35th District Court
Civil
660 Plymouth Rd
Plymouth, MI 48170

48823-336699

To: RelayFax via port COM6          From: 7344161279          10/3/2019 11:14:07 AM  (Page 1 of 1)
10/03/2019 11:23AM FAX  7344161279          DISCON, INC.          ✉0001/0001

Approved, SCAO

MichiganLegalHelp.org has tools that can
help you with small claims cases.

Original - Court
1st copy - Plaintiff
2nd copy - Defendant

| STATE OF MICHIGAN | DEMAND AND ORDER FOR REMOVAL | CASE NO. |
|---|---|---|
| 35th JUDICIAL DISTRICT | Small Claims | 19C3556 -SC |
| | | -GC |

Court address
660 Plymouth Rd., Plymouth, MI 48170

Court telephone no.
734-459-4740

Plaintiff's name, address, and telephone no.
Sriakhil Gogineni
44058 Southampton Dr
Canton, MI 48187
734-644-3694

☐ Personal service

v

Defendant's name, address, and telephone no.
Equifax Credit Information Services, Inc.
601 Abbot Road
East Lansing, MI 48823

☐ Personal service

FILED
35TH DISTRICT COURT
2019 OCT -3 PM 12: 47

This demand is made by   ☑ plaintiff.   ☐ plaintiff's attorney.   ☐ defendant.   ☐ defendant's attorney.

**DEMAND**

I demand that this case be removed from the small claims division to the general civil division of the court.

Octtober 3, 2019

Date

Attorney's name, address, and telephone no. (party demanding removal)

Signature of party demanding removal
Sriakhil Gogineni
Name (type or print)
44058 Southampton Dr
Address
Canton, MI, 48187          734-644-3694
City, state, zip          Telephone no.

**ORDER**

**IT IS ORDERED:** This case is removed to the general civil division of the court for further proceedings. **The defendant has 14 days from the date of this order to file a written answer and serve it on the other party or take other lawful action with the court. If the defendant does not answer or take other action within the time allowed, judgment may be entered for the relief demanded in the complaint.**

Date

Judge

(P52722)
Bar no.

**CERTIFICATE OF MAILING**

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

Date

Signature of party demanding removal

Deputy Court Clerk

DC 86   (6/19)   **DEMAND AND ORDER FOR REMOVAL, Small Claims**          MCL 600.8401 et seq., MCR 4.306

## AFFIDAVIT OF CHRISTIE CARDON

STATE OF TEXAS                  )
                                )
COUNTY OF HARRIS                )

1.  I am a duly-licensed attorney in the State of Texas and work for King & Spalding LLP, counsel for Equifax Inc. ("Equifax"), the Defendant in the above-captioned action.

2.  I make this affidavit in support of Equifax's Motion for More Definite Statement.

3.  I have read the Motion and investigated the matter with my client and otherwise.

4.  The factual assertions contained in the Motion are true to the best of my knowledge, information, and belief, after adequate inquiry.

5.  Equifax does not have the information sought in the Motion, cannot secure it with the exercise of reasonable diligence, and is unable to answer the Complaint without it.


Further Affiant sayeth not.

Christie Cardon
_____
Christie Cardon

Subscribed and sworn to before me this 18th day of October, 2019.

**ANITA ALVAREZ**
3341039
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
**JUNE 29, 2022**



**STATE OF MICHIGAN**
**IN THE 35TH DISTRICT COURT**

SRIAKHIL GOGINENI,                              Case No.19C3556-GC
*IN PRO PER*

           Plaintiff,

    vs.

EQUIFAX CREDIT INFORMATION
SERVICE, INC.,

           Defendant.

_____/

| | |
|---|---|
| Sriakhil Gogineni | Jordan S. Bolton (P66309) |
| *In Pro Per* | Clark Hill PLC |
| 44058 Southampton Drive. | 151 S. Old Woodward Ave., Suite 200 |
| Canton, MI 48187 | Birmingham, Michigan 48009 |
| Plaintiff | 248.988.1839 |
| | JBolton@ClarkHill.com |
| | Attorneys for Equifax Inc. |

_____/

**ORDER GRANTING EQUIFAX INC.'S**
**MOTION FOR MORE DEFINITE STATEMENT**

At a session of said Court, held in the City of _____,
County of _____, State of Michigan
on _____

_____
District Court Judge

Upon the filing of Defendant's Motion for More Definite Statement, the Court having

been apprised of the relevant facts and law:

IT IS ORDERED that the motion is GRANTED;

1

IT IS FURTHER ORDERED that Plaintiff shall file and serve a more definite statement in accordance with MCR 2.111, MCR 2.112, and MCR 2.115, within 14 days from the date of this order, including, among other things:

(A) Details of the alleged breach of Plaintiff's data, including when and how;

(B) Details of the extent to and manner in which Plaintiff was allegedly damaged as a result; and

(C) The specific causes of action Plaintiff asserts against Equifax.

IT IS FURTHER ORDERED that should Plaintiff fail to timely file and serve the more definite statement ordered, Plaintiff's Complaint shall be dismissed.

SO ORDERED.

_____
District Court Judge



```
        35TH DISTRICT COURT
         660 PLYMOUTH ROAD
     PLYMOUTH, MICHIGAN  48170
          (734) 459-4740
 19C3556GC  P01
 10/18/19 12:52    05 CIVIL       MN
 CASH TRANSCTN             CIV A D777367
 GOGINENI/SRIAKHIL/            AMT PAID
 MOTION FEE          20.00       20.00
 TOTALS:             20.00       20.00

 CHECK 203025    TENDERED        20.00
 TOTAL PAID:                     20.00

 A 10/18/19 D777367     20.00
 19C3556GC P01   D7 A
 10/18/19    D777367
 CANTON TWP.
 PAID:         20.00
 35TH DISTRICT COURT
 ACCT # 1852-718954
   FOR DEPOSIT ONLY
```

To: RelayFax via port COM6          From: 7344161279          10/3/2019 11:14:07 AM  (Page 1 of 1)
10/03/2019 11:23AM FAX 7344161279          DISCON, INC.          ☑0001/0001

| | | Original - Court<br>1st copy - Plaintiff<br>2nd copy - Defendant |
|---|---|---|

MichiganLegalHelp.org has tools that can
help you with small claims cases.

Approved, SCAO

| STATE OF MICHIGAN<br>35th   **JUDICIAL DISTRICT** | **DEMAND AND ORDER FOR REMOVAL**<br>Small Claims | CASE NO.<br>19C3556      -SC<br>-GC |
|---|---|---|

Court address
660 Plymouth Rd., Plymouth, MI 48170

Court telephone no.
734-459-4740

Plaintiff's name, address, and telephone no.
Sriakhil Gogineni
44058 Southampton Dr
Canton, MI 48187
734-644-3694

☐ Personal service

v

Defendant's name, address, and telephone no.
Equifax Credit Information Services, Inc.
601 Abbot Road
East Lansing, MI 48823

☐ Personal service

FILED
35TH DISTRICT COURT
2019 OCT -3  PM 12: 47

This demand is made by   ☑ plaintiff.   ☐ plaintiff's attorney.   ☐ defendant.   ☐ defendant's attorney.

**DEMAND**

I demand that this case be removed from the small claims division to the general civil division of the court.

October 3, 2019
Date

Signature of party demanding removal
Sriakhil Gogineni
Name (type or print)

Attorney's name, address, and telephone no. (party demanding removal)

44058 Southampton Dr
Address

Canton, MI, 48187          734-644-3694
City, state, zip          Telephone no.

**ORDER**

**IT IS ORDERED:**  This case is removed to the general civil division of the court for further proceedings.  **The defendant has 14 days from the date of this order to file a written answer and serve it on the other party or take other lawful action with the court. If the defendant does not answer or take other action within the time allowed, judgment may be entered for the relief demanded in the complaint.**

Date

Judge          Bar no.

(P52722)

**CERTIFICATE OF MAILING**

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

Date

Signature of party demanding removal

Deputy Court Clerk

DC 86   (6/19)   **DEMAND AND ORDER FOR REMOVAL, Small Claims**          MCL 600.8401 et seq., MCR 4.306

Original - Court
1st copy - Applicant
2nd copy - Other party

3rd copy - Friend of the court
(when applicable)
JIS CODE: OSF

| STATE OF MICHIGAN 35th JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | FEE WAIVER REQUEST | CASE NO. 19C 3656 SC |
|---|---|---|

**Court address**

**Court telephone no.**
734-459-4740

| Plaintiff's/Petitioner's name Sriakhil Gogineni | v | Defendant's/Respondent's name |
|---|---|---|
| Plaintiff's/Petitioner's attorney, and bar no. | | Defendant's/Respondent's attorney and bar no. |

☐ Probate   In the matter of _____

**Instructions:** Complete the form and file it with the clerk. After you receive a decision on your request, you must serve your request and the decision on the other party.

I request a waiver of my filing fees for the following reason: (Check 1, 2, or 3)

☐ 1. I receive the following type(s) of public assistance because of indigence:
   ☐ Food Assistance Program through the State of Michigan (also known as FAP or SNAP)
   ☑ Medicaid (including Healthy Michigan, CHIP, and ESO)
   ☐ Family Independence Program through the State of Michigan (also known as FIP or TANF)
   ☐ Women, Infants, and Children benefits (WIC)
   ☐ Supplemental Security Income through the federal government (SSI)
   ☐ Other means-tested public assistance: _____

   My public assistance case number(s) (if any) is  1194035979 _____
   Write "none" if no case number. Do not write your SSN.

☑ 2. I am represented by a legal services program or I receive assistance from a law school clinic because of indigence. The name of the legal services program or law school clinic is

   Michigan Legal Help Self-Help Center Network of Wayne County, University of Michigan Law Library

☐ 3. I am unable to pay the fees and I did not check item 1 or 2.
   My gross household income is $ _____ every _____ Week/Two weeks/Month/Year
   The number of people in my household is _____ .
   My source of income is _____
   List assets and their worth, such as bank accounts. If you need more space, attach a separate sheet.


   List obligations and how much you pay, such as rent or other debts. If you need more space, attach a separate sheet.

I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

2019-08-20
**Date**

_Signature_

☑ **FOR CLERK USE ONLY:** Payment of filing fees is waived.

8-31-19
**Date**

Signature of court clerk

**MC 20  (2/19)   FEE WAIVER REQUEST**

MCR 2.002

**Fee Waiver Request**   (2/19)                                                  **Case No.** _____

**ORDER**

**IT IS ORDERED:**

☐ 1. Payment of filing fees is waived because:
    ☐ a. Your gross household income is under 125% of the federal poverty guidelines.
    ☐ b. Your gross household income is above 125% of the federal poverty guidelines, but payment of the fees would constitute a financial hardship for you.
    ☐ c. Other:


    If you become able to pay the fees before this case is resolved, you must notify the court.


☐ 2. The fee waiver request is denied because:
    ☐ a. Your gross household income is above 125% of the federal poverty guidelines and payment of the fees would not constitute a financial hardship for you.
    ☐ b. Other:


_____                    _____
Date                                          Judge                                    Bar no.

Approved, SCAO

Original - Court (with instructions)
1st copy - Defendant (with instructions)
2nd copy - Plaintiff (with instructions)
3rd copy - Return (with proof of service)

| STATE OF MICHIGAN<br>35th JUDICIAL DISTRICT | AFFIDAVIT AND CLAIM<br>Small Claims | CASE NO.<br>19C3556 SC |
|---|---|---|

**Court address**
660 Plymouth Rd., Plymouth, MI 48170

**Court telephone no.**
(734)459-4740

See additional notice and instructions on the back of plaintiff and defendant copies.

1. Sriakhil Gogineni
   Plaintiff

   44058 Southampton Dr
   Address

   Canton, MI 48187          (734) 644-3694
   City, state, zip          Telephone no.

2. EQUIFAX CREDIT INFORMATION SERVICES, INC
   Defendant

   601 ABBOT ROAD
   Address

   East Lansing, MI 48823
   City, state, zip          Telephone no.

**NOTICE OF HEARING**
**For Court Use Only**

The plaintiff and the defendant must be in court on

Day _MON_     Date _10-7-19_

at _2:00p_ at the court address above.
Time

Location _____

Fee paid: $ _____
Process server's name

☑ 3. A civil action between ~~these parties or~~ other parties arising out of the transaction or occurrence alleged in this complaint
has been previously filed in ☐ this court ☑ ~~UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION~~ Court.
It was given case number 1:17-md-2800-TWT and assigned to Judge THOMAS W. THRASH, JR.
The action ☑ remains ☐ is no longer pending.

4. I have knowledge or belief about all the facts stated in this affidavit and I am
   ☒ the plaintiff or his/her guardian, conservator, or next friend.    ☐ a partner.    ☐ a full-time employee of the plaintiff.

5. The plaintiff is    ☒ an individual.    ☐ a partnership.    ☐ a corporation.    ☐ a sole proprietor.    ☐ _____

6. The defendant is    ☐ an individual.    ☐ a partnership.    ☒ a corporation.    ☐ a sole proprietor.    ☐ _____

7. The date(s) the claim arose is/are 2017 - Present
   Attach separate sheets if necessary

8. Amount of money claimed is $ 6,000.00 _____ . (Note: Plaintiff's costs are determined by the court and awarded as appropriate.
   They are not part of the amount claimed.)

9. The reasons for the claim are: Equifax Credit Information Services, Inc. was negligent in allowing my data to be breached
   under Fair Credit Reporting Act. The company does significant business in Michigan and is subject to jurisdiction. The
   breach has resulted in permanent release of my permanent data, including my social security number. I am at risk of identity
   theft at any time. I am seeking the maximum amount allowed under MI Small Claims. & ML 445.72

10. The plaintiff understands and accepts that the claim is limited to $6,000 by law and that the plaintiff gives up the rights to
    (a) recover more than this limit, (b) an attorney, (c) a jury trial, and (d) appeal the judge's decision.

11. I believe the defendant ☑ is ☐ is not mentally competent. I believe the defendant ☑ is ☐ is not 18 years or older.

12. ☐ I do not know whether the defendant is in the military service. ☑ The defendant is not in the military service.
    ☐ The defendant is in the military service.

Signature _____

Subscribed and sworn to before me on _8-31-19_ , _____ , Wayne _____ County, Michigan.

My commission expires: _____     Signature _____
                        Date              Deputy clerk/~~Notary public~~

Notary public, State of Michigan, County of _____

**The defendant(s) must be served by** _11-30-19_ .
                                        Expiration date

DC 84   (6/19)   **AFFIDAVIT AND CLAIM, Small Claims**          MCL 600.8401 et seq., MCR 4.302, MCR 4.303, 50 USC 3931

**AFFIDAVIT AND CLAIM**
Small Claims

Case No. MC3656SC

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve this affidavit and claim no later than 7 days before the hearing date. You must make and file your return with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, or appointed court officer (MCR 2.104[A][2]), and that:   (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required)

☐ I served personally a copy of the affidavit and claim,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the affidavit and claim.

☐ together with _____, on the defendant(s):
Attachment

| Defendant name | Complete address of service | Day, date, time |
|---|---|---|
| Defendant name | Complete address of service | Day, date, time |
| Defendant name | Complete address of service | Day, date, time |

☐ I have personally attempted to serve the affidavit and claim, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant name | Complete address of service | Day, date, time |
|---|---|---|
| Defendant name | Complete address of service | Day, date, time |
| Defendant name | Complete address of service | Day, date, time |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ |

Signature _____

Name (typ _____

Title _____

Subscribed and sworn to before me on _____
Date

My commission expires: _____   Signature: _____
Date

Notary public, State of Michigan, County of _____   Deputy co

**ACKNOWLEDGMENT OF**

I acknowledge that I have received service of the affidavit and claim, to

_____ on _____
Day, date, time

_____ on behalf of

Signature

7013 1090 0001 9469 0004

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

PS Form 3800, August 2006     See Reverse for Instructions

MCR 2.105



CERTIFIED MAIL

7018 2290 0001 0953 1187

U.S. POSTAGE >> PITNEY BOWES

ZIP 48170
02 4W
0000360153 FEB 28 2020

$ 013.90⁰

**35TH DISTRICT COURT**
660 Plymouth Road
Plymouth, MI 48170-1891
(734) 459-4740

TO:   Clerk of the Court
US District Court
564 Theodore Levin US Courthouse
231 W. LAFAYETTE BLVD
Detroit MI 48226

